**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Center for Biological Diversity; Maricopa Audubon Society,<br><br>Plaintiffs,<br><br>vs.<br><br>KENNETH SALAZAR, Secretary of the Interior; ROWAN GOULD, Acting Director of the U.S. Fish and Wildlife Service,<br><br>Defendants. | No. CV 10-2130-PHX-DGC<br><br>**ORDER** |

The San Carlos Apache Tribe ("the Tribe") petitions to intervene as of right and permissively under Federal Rule of Procedure 24. Doc. 20. The motion is unopposed. The Court will grant the motion.

To qualify for intervention as a matter of right under Rule 24(a), a proposed intervenor must (1) have a significant protectable interest in the property or transaction that is the subject of the litigation, (2) be situated so that the disposition of the litigation may impair the proposed intervenor's ability to protect that interest, (3) demonstrate that his interests are not adequately represented by other parties, and (4) move to intervene in a timely manner. *Arakaki V. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).

The Tribe asserts that the motion is timely, having been brought less than two months after commencement of the litigation. Doc. 20. The Tribe also asserts several protectable

interests, including its involvement in the agency review at issue and its religious and cultural interests affected by the health and vitality of the Desert Nesting Bald Eagle ("Desert Eagle"). *Id.* The Tribe argues that its interests will be impaired if the agency's action with regard to the Desert Eagle is not enjoined, and that existing Plaintiffs are not in a position to represent the Tribe's unique interests. *Id.*

No party has opposed the motion or contradicted these assertions. The Court finds that the Tribe has established a right to intervention under Rule 24(a). *See Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525 (9th Cir. 1983).

**IT IS ORDERED:**

1. The Tribe's motion to intervene (Doc. 20) is **granted**.

2. The Clerk shall file the Tribe's proposed complaint lodged at Doc. 21 as a complaint in intervention.

3. The Tribe may file a memorandum in support of the pending motion for preliminary injunction (Doc. 15) by **January 28, 2011**. The memorandum should not repeat arguments already made in briefing on the pending motion. Defendants my file a memorandum in response to the Tribe's memorandum by **February 18, 2011**. The Tribe may file a reply memorandum, not to exceed seven pages, by **February 28, 2011**.

DATED this 7th day of January, 2011.

David G. Campbell
United States District Judge